IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>                Plaintiff,<br><br>v.<br><br>USA, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br>Case No. 2:14-CV-281 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for consideration of Plaintiff's Amended Complaint.  For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.  Therefore, those claims will be dismissed without prejudice.

I.  BACKGROUND

Plaintiff's Amended Complaint is 175 pages, consisting of over 126 pages of named Defendants.  Though the allegations in Plaintiff's Amended Complaint are less than clear, it appears that they all stem from Plaintiff's purchase of an automobile in New Mexico.  Plaintiff alleges that he purchased a Dodge Grand Caravan that was falsely advertised as a new 2005 model, but was in fact a 2004 model.  Plaintiff brings claims against a host of Defendants for negligence, conspiracy, and intentional infliction of emotional distress relating to his purchase of the vehicle and its later repossession.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[1]  "There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331."[2]

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In this case, Plaintiff is a citizen of New Mexico and he names several other New Mexico citizens as potential Defendants.  Thus, complete diversity is lacking.  Even if there was complete diversity, Plaintiff has failed to adequately allege that the amount in controversy exceeds $75,000.  Therefore, there is no diversity jurisdiction.

Plaintiff appears to invoke federal-question jurisdiction under 28 U.S.C. § 1331, which provides jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  In his Complaint, Plaintiff repeatedly references the Federal Tort Claims Act ("FTCA").  As this is a federal statute, the Court would have jurisdiction over that claim.  However, claims under the FTCA must be brought against the United States.[3]  Other than listing the United States in the caption, Plaintiff fails to assert any claims against the United States and there is nothing to suggest that the government was somehow involved in the transaction that

---

[1] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).

[2] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

[3] 28 U.S.C. § 1346.

gives rise to Plaintiff's claims.  Moreover, Plaintiff has failed to adequately plead a claim under the FTCA.  Therefore, there is no federal-question jurisdiction under this provision.

Plaintiff also relies on 28 U.S.C. § 1337, which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  However, Plaintiff does not assert claims that arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

Finally, Plaintiff cites to 28 U.S.C. § 1367, which permits the Court to exercise supplemental jurisdiction over state-law claims that are related to the claims over which the Court has original jurisdiction.  As set forth above, the Court finds that Plaintiff has failed to assert any claims over which it would have original jurisdiction.  Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.[4]

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Amended Complaint (Docket No. 15) is DISMISSED WITHOUT PREJUDICE.  The Clerk of the Court is directed to close this case forthwith.

DATED this 21st day of December, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] 28 U.S.C. § 1367(c)(3).